IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYREE LITTLE, | : | 1:10-CV-182 |
| Petitioner, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Thomas M. Blewitt |
| SUPERINTENDENT RAYMOND LAWLER, ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, | : | |
| Respondents. | : | |

## MEMORANDUM

**February 24, 2010**

## THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Thomas M. Blewitt (Doc.4), filed on February 3, 2010, which recommends that this action be transferred to the United States District Court for the Eastern District of Pennsylvania. No objections to the R&R have been filed by any party.[1] For the reasons set forth below, the Court will adopt the R&R.

---

[1] Objections were due by February 22, 2010.

1

I. **STANDARD OF REVIEW**

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

II. **DISCUSSION**

Petitioner Tyree Little, an inmate at the State Correctional Institution at Huntington, Pennsylvania, filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on January 25, 2010. Petitioner also filed leave to proceed *in forma pauperis*. Petitioner challenges his February 20, 2002 conviction

2

for robbery, aggravated assault, possession of a firearm without a license, possession of a controlled substance with intent to deliver, and simple assault, as well as the sentence he received on February 27, 2003, imposed in the Philadelphia County Court of Common Pleas.

As discussed by Magistrate Judge Blewitt, a 28 U.S.C. § 2254 petition may be brought in the federal judicial district in which the state court conviction is located. A prisoner who is confined in a prison located in a federal district in the same state as the state of conviction may bring his petition in the district of confinement. The district in which the petition is filed may transfer the petition to the district court for the district of the conviction when to do so is in the interests of justice. 28 U.S.C. § 2241(d). Magistrate Judge Blewitt recommends that we transfer this case to the Eastern District of Pennsylvania because all the records of his convictions, transcripts of proceedings, witnesses and counsel are located in the Eastern District of Pennsylvania.

As we have already mentioned, neither Respondents nor Petitioner have filed objections to this R&R. Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety. With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this

document, as it accurately reflects our consideration and resolution of the case <u>sub judice</u>. An appropriate Order shall issue.

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYREE LITTLE, | : | CIVIL ACTION NO. **1:CV-10-0182** |
| | : | |
| Petitioner | : | (Judge Jones) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| SUPERINTENDENT RAYMOND LAWLER, et al., | : | |
| | : | |
| Respondents | : | |

## REPORT AND RECOMMENDATION

Petitioner, Tyree Little, an inmate at the State Correctional Institution at Huntington, Pennsylvania, filed, *pro se*, a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, on January 25, 2010. (Doc. 1). Petitioner has also filed a Motion for Leave to Proceed *in forma pauperis*. (Doc. 2). Petitioner attached a six-page, typed Memorandum to his Habeas Petition, along with an Exhibit (Ex. A).[1]

A 28 U.S.C. §2254 petition may be brought in the federal judicial district in which the state court of the conviction is located and, when the prisoner is confined in a prison located in another federal district in the same state as the state of conviction, the petition may be brought in the district of confinement. The district court for the district in which the petition

---

[1] Petitioner's Exhibit A is a copy of his PCRA counsel's no merit letter to the Philadelphia County Court of Common Pleas trial judge. Also, in Petitioner's Memorandum, he adds a claim that his trial counsel was ineffective.

1

is filed may transfer the petition to the district court for the district of the conviction when to do so is in the interests of justice. 28 U.S.C. §2241(d).

Petitioner is challenging his February 20, 2002 conviction for robbery, aggravated assault, possession of firearm without a license, possession of a controlled substance with intent to deliver, and simple assault, as well as his February 27, 2003 sentence[2], imposed in the Philadelphia County Court of Common Pleas, Philadelphia, Pennsylvania. (Doc. 1, p. 1). Petitioner claims that there was insufficient evidence for the jury to find him guilty of aggravated assault and possession with intent to deliver a controlled substance, and that the sentence of the Philadelphia County Court of Common Pleas was excessive.

Petitioner Little is currently a prisoner at the State Correctional Institution at Huntington, Pennsylvania, which is in the Middle District of Pennsylvania. He is challenging his conviction in Philadelphia County, Pennsylvania, which is in the Eastern District of Pennsylvania. All records of conviction, transcripts of proceedings, witnesses, and counsel are located within the Eastern District of Pennsylvania.

It will be in the interests of justice to transfer this petition to the United States District Court for the Eastern District of Pennsylvania. All of the conduct giving rise to Petitioner Little's habeas claims, as well as his challenged state court conviction and sentence, occurred in the Eastern District of Pennsylvania.

---

[2]Petitioner Little indicates that he received an aggregate 5 to 10 years sentence from the Philadelphia County Court of Common Pleas.

Based on the foregoing, it is respectfully recommended that this case be transferred to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §2241(d). *See Reinhold v. Rozum*, 2007 WL 4248273 (M.D. Pa.); *Wright v. Tennis*, 2007 WL121855 (M.D. Pa.); *Wright v. Diguglielmo*, 2007 WL 1437491 (E.D. Pa.).

s/ Thomas M. Blewitt<br>
**THOMAS M. BLEWITT**<br>
**United States Magistrate Judge**

**Dated: February 3, 2010**

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYREE LITTLE, | : | CIVIL ACTION NO. **1:CV-10-0182** |
| | : | |
| Petitioner | : | (Judge Jones) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| SUPERINTENDENT RAYMOND LAWLER, et al., | : | |
| | : | |
| Respondents | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **February 3, 2010.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however,

need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

s/ Thomas M. Blewitt<br>
**THOMAS M. BLEWITT**<br>
**United States Magistrate Judge**

**Dated: February 3 , 2010**